**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**ROGER DALE CARTER**                                                                               **PLAINTIFF**

**V.**                                 **CIVIL ACTION NO. 3:18CV772-CWR-LRA**

**GEO GROUP, INC.**                                                                               **DEFENDANT**

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Plaintiff Roger Dale Carter filed his Complaint on a form utilized for Section 1983 cases. However, he describes his lawsuit as a wrongful death suit due to the 2009 suicide death of his son, Victor Allen, while Allen was housed as an inmate at the Walnut Grove prison. Plaintiff was incarcerated at the time of this filing in the custody of the Mississippi Department of Corrections [MDOC] and housed at the Harrison County ADC in Gulfport, Mississippi. Defendant GEO Group, Inc., has operated the prison at Walnut Grove but contends it did not do so during the time of Roger Dale Carter's son's death.

Plaintiff's initial Complaint [1] is quoted in part as follows:

> ... STATEMENT OF CLAIM. My son Victor Allen was sent to Walnut Grove state run prison, and hung himself because the Correction officer wouldn't help him: The State of Mississippi took responsibility in his death but the officer did not help or try to help him, my name is Roger Carter. I have or had custody of my son at the time of his arrest and death in prison, a senseless death. 3 19 teens year old boy were killed that year and one of them was mine. It been a hard loss emotional loss for your family! Mental, physical suffering, by oppressors, distained me.
>
> ...RELIEF. emotional, depression for loss of child. Wrongful death 19 yr. old boy. Funeral cost, lawyer cost.

> Senseless death of a child by oppressor an distain me. Family counseling from Nov. 2009 to present. Physical suffering and mental anguish.

Complaint [1], p. 4.

Plaintiff explained his allegations and amended his Complaint by filing that pleading [8] in response to the Court's Order [7]. Before the undersigned is Defendant GEO Group, Inc.'s Motion to Dismiss [18]. As its primary ground for dismissal, Defendant alleges that Plaintiff failed to file suit within the three-year limitations period applicable to each of his claims against Defendant. In support of its motion, Defendant attached the obituary of "Victor Lee Allen," listed as age 20, a resident of Pass Christian, who died on October 19, 2009, in Walnut Grove. Plaintiff does not deny that this is his son Victor Allen's obituary and/or that his son died on October 19, 2009. This lawsuit was filed over nine years later, on November 5, 2018.

There is no dispute that Victor Allen was incarcerated at Walnut Grove in November 2009. According to Carter, his son was trying to move to another zone for his safety, from the Simon City Royals gang, but the staff "refused to help him." [8]. His son thereafter hung himself "to bluff staff." *Id*. Tragically, he died as a result. Carter first listed the Defendants as various "Walnut Grove" entities, but this Court subsequently substituted GEO as a Defendant in place of these entities. [11, 12]. Defendant GEO asserts that it did not operate WGCF at the time of Allen's death or at any time during 2009 and is an

2

improper party. It reserves the right to raise this as an issue but now raises the statute of limitations; GEO argues it would bar these claims as to any entity. [19, p. 2, footnote 2].

Defendant asserts that Carter's lawsuit is a wrongful death action. Yet Plaintiff also utilized the form for civil rights suits filed pursuant to 42 U.S.C. 1983. The result would be the same as to either action--- the statute of limitations ran before Plaintiff filed its lawsuit. MISS. CODE ANN. § 91-7-233 allows an estate administrator to commence and prosecute any personal action which the decedent might have commenced and prosecuted. *In re Estate of England*, 846 So.2d 1060, 1067 (Miss.Ct. App. 2003). However, according to Defendant, no estate was opened for Victor Allen, and neither Plaintiff Roger Dale Carter or any other person has been appointed as the administrator over Victor Allen's estate. Plaintiff does not dispute this allegation or show otherwise.

There is no federal statute of limitations for civil rights actions. To determine the applicable statute, "federal courts borrow the forum state's general or residual personal injury limitations period." *Rodriguez v. Holmes,* 963 F.2d 799, 803 (5th Cir. 1992); *Owens v. Okure*, 488 U.S. 235, 249-50 (1989); *see also Wilson v. Garcia*, 471 U.S. 261, 272, 279-280 (1985). For cases brought in Mississippi, the three-year statute of limitations of MISS. CODE ANN. § 15-1-49 applies: "All actions for which no other period of limitation is prescribed shall be commenced within three (3) years after the cause of such action accrued, and not after." *James v. Sadler*, 909 F.2d 834, 836 (5th Cir. 1990); *Shelby v. McAdory*, 781 F.2d 1053, 1054 (5th Cir. 1986).

3

Prescribed claims are properly dismissed as legally frivolous under 28 U.S.C. section 1915(e)(2)(B)(i). See, e.g., *Brown v. Pool*, 79 F.App'x 15, 17 (5th Cir. 2003); *Gonzales v. Wyatt*, 157 F.3d 1016, 1019-20 (5th Cir. 1998); *Ramon v. Rodriguez Mendoza*, No. 09-50607, 2010 WL 1287062, *1 (5th Cir. Apr. 1, 2010); *Favre v. Mississippi*, No. 1:10cv32, 2010 WL 2025533 (S.D. May 19, 2010). The Court is not required to give a plaintiff the opportunity to respond to the time-bar issue prior to dismissing his complaint. *Brown*, 79 App'x at 17.

In the instant case, the Court did provide Carter with an opportunity to explain his claims and to address the issue of timeliness by filing a response to Defendant's motion. Whereas he did file a response to the motion, Carter does not explain why the applicable statute of limitations does not bar his case. The obituary provides the date of Carter's son's death, and Carter does not deny the accuracy. Victor Allen died on October 19, 2009, and Carter did not file his suit until November 2018, over nine years later. Carter does not contend that he was unaware of his son's death. While Mississippi law governs the applicable limitations period, "the accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007). An action accrues when a plaintiff has a "complete and present cause of action." *Id.* The limitations period begins to run when a plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured; actual knowledge is not required. *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir.

2010). Victor Allen's death would initiate running of the statute. The federal courts use the forum state's applicable tolling provisions. *Rodriguez v. Holmes*, 963 F.2d 99, 803 (5th Cir. 1992). And, the courts in this district have ruled that Mississippi law does not afford a tolling provision for incarceration. *Flowers v. Barlow*, No. 3:14cv749-CWR, 2014 WL 6982653, *1-2 (S.D. Miss., Dec. 9, 2014) (citations omitted). Neither does the "ignorance of ... legal rights, or failure to seek legal advice" toll the statute of limitations. *Id.* at 2 (citations omitted).

Carter was aware that his son died in October 2009. Although he may have been incarcerated himself at some periods since his son's death, being in jail did not toll the applicable statute of limitations. Because his complaint was not filed within three years of when the cause of action accrued, Carter may not proceed with his claims.

For these reasons, the undersigned recommends that the Motion to Dismiss [18] be granted and that the Complaint be dismissed with prejudice.

Plaintiff is hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. §636; Fed. R. Civ. P. 72(b)(as amended, effective December 1, 2009); *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 27th day of May 2020.

        <u>/s/ Linda R. Anderson</u>
        UNITED STATES MAGISTRATE JUDGE